Findlay Refractories and Argonaut Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Clarence A. Wright, Respondents.

Argued May 8, 1980, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioners.

*C. Jerome Moschetta,* for respondent.

*Sandra S. Christianson,* Assistant Attorney General, for respondent, Department of Labor and Industry.

OPINION BY JUDGE ROGERS, June 18, 1980:

Findlay Refractories and Argonaut Insurance Company, Findlay's workmen's compensation insurance carrier, have appealed from a decision of the Workmen's Compensation Appeal Board affirming a referee's award of benefits to Clarence A. Wright.

The appellants present but one question: "Did the claimant properly establish the existence of a silica hazard at the defendant-employer's plant after July 1, 1973?"

Findlay manufactures refractories, large clay blocks used to line glass furnaces. Wright worked for Findlay for about 23 years at various tasks throughout Findlay's factory. During the last eight years of

his employment, until September 28, 1973, he worked as a mechanic, repairing machinery both in the factory and in a shop located in another building. After leaving Findlay, Wright filed a claim petition for total disability from silicosis as the result of exposure to silica in his employment with Findlay. After hearings, a referee found that Wright was totally disabled by silicosis as the result of exposure to silica dust in an occupation in which silicosis is a hazard and that the disability resulted from exposure to the hazard after June 30, 1973. An award was made pursuant to Section 108(k) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1(k). We agree with the referee and the Workmen's Compensation Appeal Board that the existence of a silica hazard at Findlay's plant was established.

Mr. Paul Pakulla, vice-president of Findlay, testified that the majority of the refractories made by Findlay contain thirty-five percent silica. Wright and a fellow employee testified that there is dust throughout the plant caused by the mixing of ingredients that goes into the blocks and by the crushing of defective blocks and other materials into a fine powder which is reused in manufacturing. All three witnesses agreed that Wright came in contact with the dust when he entered the plant to repair machines until late September 1973. In addition, the record contains a report from the Pennsylvania Department of Health showing that air samples taken from various locations in Findlay's plant in 1967 contained from 7.0 to 31.4 million dust particles per cubic foot of air and that the amount of free silica in the dust ranged from seventeen to twenty-two percent. Finally, Wright's expert medical witness testified that Wright was disabled by silicosis and that it was his opinion, based on his review of the

testimony concerning conditions in the Findlay plant, that the condition was caused by exposure to a silica hazard at the plant.

The appellants raise several points not set forth in their statement of questions involved or suggested thereby. We remind counsel that Pa. R.A.P. 2116(a) provides that "ordinarily no point will be considered which is not set forth in the statement of questions involved." We nevertheless note that the point raising the alleged inapplicability of The Pennsylvania Workmen's Compensation Act was not raised below and that the point complaining of the Appeal Board's misreading of Section 301(e), 77 P.S. §413, was harmless, there being ample evidence of exposure in this record and no need to depend on any presumption of exposure.

Order affirmed.

## ORDER

AND Now, this 18th day of June, 1980, the appellants, Findlay Refractories and Argonaut Insurance Company, are ordered and directed to pay Claimant, Clarence A. Wright, compensation at the rate of $100.00 per week from March 29, 1974 and continuing into the future until Claimant's disability ceases or changes in character or extent, not to exceed the limitations of The Pennsylvania Workmen's Compensation Act, as amended.

Interest at the rate of ten percent per annum is payable in accordance with the Act.

Findlay Refractories and Argonaut Insurance Company are directed to reimburse Claimant's attorney, C. Jerome Moschetta, for the monies he advanced in Claimant's behalf; to Dr. J. W. Silverman for his examination of Claimant and for his deposition for use in this case; to the Court Reporters for taking any depositions used in this case, upon presentment there-

of for payment by Claimant's attorney to Defendant and its insurance carrier.

The Defendant to pay C. Jerome Moschetta, Esquire, attorney for Claimant, the sum of $2,080.00 for attorney's fees out of the first lump sum amount due Claimant pursuant to the within Award and to pay the balance thereof directly to Claimant.